RUCKER, J.
concurring in result.
Because I believe a motorist detained at a sobriety checkpoint is entitled to the protection afforded by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), I disagree with that portion of the majority opinion declaring otherwise. However, I acknowledge the United States Supreme Court has declined to expand Miranda’s reach to cases involving routine traffic stops and its reasoning is applicable to the case before us. Therefore, I am compelled to concur in result.
Miranda teaches that a person questioned “by law enforcement officers after [being] taken into custody or otherwise deprived of his freedom of action in any significant way” must first “be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.” Id. at 444, 86 S.Ct. 1602 (emphasis added).
It is the custodial aspect of law enforcement conduct that has attracted the attention of most courts and commentators. Even this Court has held, “[r]ights under Miranda apply only to custodial interrogation.” Albrecht v. State, 737 N.E.2d 719, 727 (Ind. 2000) (emphasis added). And in the case before us the majority’s attention is also drawn to the question of custody. See Op. at 335 (“[T]his case turns on whether Brown was in custody at the time of the questioning,”).
But resolving the issue of custody does not end the inquiry. Little to no attention has focused on another important aspect of conduct triggering Miranda protections, namely a person questioned by law enforcement officers—regardless of custody—who has been “otherwise deprived of his freedom of action in any significant way.” Miranda, 384 U.S. at 444, 86 S.Ct. 1602 (emphasis added). And on this point the United States Supreme Court has had this to say:
[A] traffic stop significantly curtails the “freedom of action” of the driver and the passengers, if any, of the detained vehicle.... [W]e have long acknowledged that stopping an automobile and detaining its occupants constitute a “seizure” within the meaning of the Fourth Amendment, even though the purpose of *338 the stop is limited and the resulting detention quite brief.
Berkemer v. McCarty, 468 U.S. 420, 436-37, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) (brackets and quotation omitted). This declaration seems clear enough: Miranda protections extend to questioning by law enforcement that deprives a person of his freedom of action in any significant way, and traffic stops do exactly that. Stated somewhat differently, police questioning after stopping a vehicle even for a brief detention falls squarely within the dictates of the language in Miranda.
Nonetheless, parsing the underlying rationale for the decision itself and noting the potential problems confronting law enforcement officers should warnings be required for traffic stops, the Court declined to extend the scope of Miranda under such circumstances, noting “the atmosphere surrounding an ordinary traffic stop is substantially less ‘police dominated’ than that surrounding the kinds of interrogation at issue in Miranda itself[.]” Berkemer, 468 U.S. at 438-39, 104 S.Ct. 3138 (citation omitted). On questions of federal law this Court is bound by the decisions of the United States Supreme Court. And although Berkemer involved a routine traffic stop and the case before us concerns a sobriety checkpoint, the underlying rationale of Berkemer controls the outcome here. Because the majority opinion is consistent with Berkemer, I concur in result.